IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| JESSICA ROSS, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CASE NO. 3:18-CV-537-WKW |
| | ) | (WO) |
| SEJIN AMERICA, INC., | ) | |
| | ) | |
| Defendant. | ) | |

# MEMORANDUM OPINION AND ORDER

Plaintiffs Jessica Ross, LaEbboine Russell, Naquita Bledsoe, and Latoya Pearson allege that Defendant Sejin America, Inc.[1] subjected them to various forms of employment discrimination. Pending before the court is Defendant's motion to dismiss. (Doc. # 10.) Upon consideration of the motion and the complaint, the court will deny the motion to dismiss and exercise its inherent power to dismiss Plaintiffs' shotgun complaint with leave for Plaintiffs to file an amended complaint.

## I. STANDARD OF REVIEW

When evaluating a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court must take the facts alleged in the complaint as true and construe them in the light most favorable to the plaintiff. *Resnick v. AvMed,*

---

[1] Defendant points out that Plaintiffs incorrectly named Defendant as Sejin American, Inc. The caption has been corrected here.

*Inc.*, 693 F.3d 1317, 1321–22 (11th Cir. 2012). To survive Rule 12(b)(6) scrutiny, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[F]acial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

## II. DISCUSSION

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Each allegation in the complaint "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Federal Rule of Civil Procedure 10 provides that the complaint must "state [the plaintiff's] claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).

> The purpose of [Rule 8(a)(2) and Rule 10(b)] is self-evident, to require the pleader to present his claims discretely and succinctly, so that[] his adversary can discern what he is claiming and frame a responsive pleading, the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted, and, at trial, the court can determine that evidence which is relevant and that which is not.

*Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015) (quoting *T.D.S. Inc. v. Shelby Mut. Ins. Co.*, 760 F.2d 1520, 1544 n.14 (11th Cir. 1985) (Tjoflat, J., dissenting)); *see also Twombly*, 550 U.S. at 555 (holding that the

2

purpose of Rule 8(a)(2) is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." (citation, quotation marks, and ellipsis omitted)).

"Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings,'" and have been uniformly rejected by the Eleventh Circuit. *Weiland*, 792 F.3d at 1320. There are four types of shotgun pleadings: (1) pleadings that "contain[ ] multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint;" (2) pleadings that are "guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action;" (3) pleadings that "commit[] the sin of not separating into a different count each cause of action or claim for relief;" and (4) pleadings that commit "the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland*, 792 F.3d at 1321.

Defendants filed a motion to dismiss the complaint and whatever claims might be alleged in it. However, it is "virtually impossible to know" from Plaintiffs' shotgun complaint "which allegations of fact are intended to support which claim(s) for relief." *Anderson v. Dist. Bd. of Trustees of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996) (describing "the perfect example of a shotgun pleading"). Thus,

in considering the motion to dismiss, the court cannot "determine which facts support which claims." *Weiland*, 792 F.3d at 1320.

Moreover, throughout the complaint, Plaintiffs complain of sex-based discrimination, national origin discrimination, and race discrimination. (*See* Doc. # 1 ¶¶ 2, 8, 15, 22, 29.) However, the complaint only includes two distinct counts titled, "Plaintiff's First Cause of Action Race Discrimination" (Doc # 1, at 7) and "Plaintiff's Second Cause of Action Race-Based Cold and Hostile Working Environment." (Doc. # 1, at 8.) Under those headings, Plaintiffs make claims regarding race, sex, and national origin discrimination. (Doc. # 1 ¶¶ 36, 39.) Additionally, Plaintiffs assert that Defendant acted "under color of state law," and is "vulnerable for individual liability through 42 U.S.C. § 1983." (Doc. #1 ¶ 35). Section 1983, however, is not applicable to a discrimination claim against a private employer, and Plaintiffs only make a single reference to this claim. *See Charles v. Scarberry*, 340 F. App'x 597, 599–600 (11th Cir. 2009) (stating that plaintiff failed to allege that any deprivation occurred under color of state law because "CVS employees and an insurance adjuster do not act under color of state law"); *Focus on the Family v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1277 (11th Cir. 2003) (explaining that, "the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful"). Thus, it seems likely this allegation is scrivener's error. At another point, Plaintiffs refer to "Defendants Auburn," which is plainly not a party to this litigation. (Doc. # 1 ¶ 39.)

Accordingly, in addition to the complaint being unclear as to which facts support which claims, the court cannot determine what claims Plaintiffs are attempting to allege.

Finally, Plaintiffs plead relatively few facts, but those that appear to support discrimination are conclusory and vague. Specifically, Plaintiffs allege that supervisors made racially biased statements, but they do not include who made the comment or include details about what was said, when it was said, or in what context it was said. This is the sort of conclusory allegation that would not survive a motion to dismiss for failure to state a claim. *See Seibert v. Comm'r, Ga. Dep't of Corr.*, 680 F. App'x 837, 840 (11th Cir. 2017) (stating that an allegation that defendants transferred plaintiff as retaliation, and did not include any facts, but only conclusions about defendants' responsibility, was too conclusory to state a claim).

"Shotgun pleadings impede the administration of the district courts' civil dockets in countless ways." *PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V.*, 598 F.3d 802, 806 n.4 (11th Cir. 2010). "Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice." *Anderson*, 77 F.3d at 367. Thus, "it is particularly important for district courts to undertake the difficult, but essential, task of attempting to narrow and define the issues from the earliest stages of the litigation. Absent such efforts, shotgun notice pleadings . . . would impede

the orderly, efficient, and economic disposition of disputes." *Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 165 (11th Cir. 1997). "If the trial judge does not quickly demand repleader [of a shotgun complaint], all is lost — extended and largely aimless discovery will commence, and the trial court will soon be drowned in an uncharted sea of depositions, interrogatories, and affidavits." *Johnson Enters. of Jacksonville, Inc. v. FPL Grp., Inc.*, 162 F.3d 1290, 1333 (11th Cir. 1998). As a case proceeds on a shotgun complaint, "[g]iven the massive record and loose pleadings before it, the trial court, whose time is constrained by the press of other business, is unable to squeeze the case down to its essentials; the case therefore proceeds to trial without proper delineation of issues." *Id.* Accordingly, it is particularly crucial for the court to ensure that justice is administered efficiently from the outset of each case.

Therefore, in accordance with the court's "power and []duty to define the issues at the earliest stages of litigation," all of Plaintiffs' claims will be dismissed without prejudice with leave granted to Plaintiffs to file an amended complaint that complies with the Federal Rules of Civil Procedure and this Order. *Johnson Enters.*, 162 F.3d at 1333; *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001) ("We have held that district courts confronted by [shotgun] complaints have the inherent authority to demand repleader *sua sponte*.").

# III.  CONCLUSION

Accordingly, based on this court's inherent power to manage its docket, it is ORDERED:

1. Plaintiffs' claims are DISMISSED without prejudice.

2. Pursuant to Federal Rule of Civil Procedure 15(a)(2), Plaintiffs are granted leave to file an amended complaint **on or before February 15, 2019**, that complies with the pleading requirements of the Federal Rules of Civil Procedure and the following requirements of this Order:

    a.   The amended complaint must set forth, with clarity, short and plain statements showing Plaintiffs are entitled to relief.  The body of the complaint shall contain (1) a statement of the grounds for the court's jurisdiction; (2) allegations of fact showing that each Plaintiff is entitled to relief; (3) claims for relief set forth in various counts of the complaint; and (4) a demand for relief sought.  Fed. R. Civ. P. 8(a); Fed. R. Civ. P. 10(b).

    b.   The complaint must set forth, in separately numbered paragraphs, allegations of fact that are simple, concise, direct, *sufficiently detailed*, and material to Plaintiffs' claims.  Plaintiffs must allege facts showing Defendant's involvement in each claim and how Defendant violated each Plaintiffs' rights.

    c.    Plaintiffs should not simply incorporate all factual allegations by reference into every count; rather, Plaintiffs must indicate with clarity which specific factual allegations are material to each specific count.

    d.    The complaint must state which counts and demands for relief (including demands for injunctive, declaratory, and monetary relief) are asserted. Plaintiffs shall have a colorable legal basis for asserting each count or demand for relief. Fed. R. Civ. P. 11(b)(2).

3.    Defendants' motion to dismiss (Doc. # 10) is DENIED without prejudice to refile and reassert any arguments that may be relevant to the amended complaint.

4.    In light of this decision, Plaintiffs' Motion for Leave to File (Doc. # 23) is DENIED as moot.[2]

Plaintiffs are ADVISED that, if they do not file an amended complaint on or before **February 15, 2019**, this action will be dismissed without prejudice. Claims and demands for relief that fail to comply with the Federal Rules of Civil Procedure and the requirements of this Order may be subject to dismissal without further opportunities for amendment.

DONE this 31st day of January 2019.

                                               /s/ W. Keith Watkins
                                  CHIEF UNITED STATES DISTRICT JUDGE

---

[2] As a stylistic matter, counsel for Plaintiffs should carefully and repeatedly read every line of the Amended Complaint for typographical errors, for logical organization, and for accuracy and clarity.