## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## EASTERN DIVISION

| | | |
|---|---|---|
| **JESSICA ROSS, *et al.*,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:18-cv-537-ALB-JTA** |
| | ) | |
| **SEJIN AMERICA, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | | |
| **JESSICA ROSS and LAEBBOINE RUSSELL,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:18-cv-734-ALB-JTA** |
| | ) | |
| **SEJIN AMERICA, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## <u>MEMORANDUM OPINION AND ORDER</u>

This matter comes before the Court on Defendant Sejin America, Inc.'s Motion to Dismiss Plaintiffs' Fourth Amended Complaint (Doc. 42) and Plaintiffs' Motion for Leave to Add Party-Defendant. (Doc. 46). Upon consideration, Defendant's motion to dismiss is **GRANTED IN PART** and **DENIED IN PART**, and Plaintiffs' motion to add a party-defendant is **DENIED.**

## BACKGROUND

This employment discrimination action has been pending for more than a year, yet it is still at the pleadings stage and discovery has not even begun. That is because Plaintiffs have repeatedly failed to plead a sufficient complaint under Fed. R. Civ. P. 8 and 12. These repeated failures have not been due to a lack of opportunities or instruction given by the Court. Indeed, the Court has generously given Plaintiffs chance after chance to fix their complaint. But now for the fourth time, Plaintiffs have failed to plead a sufficient complaint, except as to one claim.

Plaintiffs Jessica Ross, LaEbboine Russell, Naquita Bledsoe, and Latoya Pearson, who are African-American females, were employed by Defendant Sejin America, Inc. as Administrative Assistants.[1] On May 25, 2018, Plaintiffs filed their initial Complaint, asserting—or attempting to assert—various employment discrimination claims against Defendant. Defendant moved to dismiss the Complaint for failure to state a claim. (Doc. 10). Though the Court denied Defendant's motion without prejudice, the Court dismissed without prejudice Plaintiffs' "shotgun complaint" because it was "virtually impossible to know . . . which allegations of fact [were] intended to support which claim(s) for relief." (Doc. 25). In addition, the Court granted Plaintiffs leave to refile an amended complaint

---

[1] It is unclear from the complaint whether any of the plaintiffs are still employed by Defendant.

"that complie[d] with the pleading requirements of the Federal Rules of Civil Procedure." (Doc. 25). After Plaintiffs' first and second amended complaints were stricken due to pleading deficiencies (Docs. 26 and 28), Plaintiffs filed their Third Amended Complaint on March 14, 2019. (Doc. 30). Defendant moved to partially dismiss Plaintiffs' complaint and moved for a more definite statement. (Doc. 31).

On August 15, 2018, Plaintiffs Ross and Russell filed a separate Complaint against Defendant, asserting additional employment discrimination claims and related state law claims. (Doc. 1, *Ross v. Sejin America, Inc.*, Case No. 3:18-cv-734). Defendant also moved to dismiss this complaint for failure to state a claim. (Docs. 9 and 14, Case No. 3:18-cv-734).

On July 15, 2019, the Court consolidated the two cases and ordered Plaintiffs to file an Amended Complaint for the consolidated cases, cautioning Plaintiffs that this would be their "last opportunity to state claims that comply with Rule 8 and Rule 12 of the Federal Rules of Civil Procedure." (Doc. 39). On August 5, 2019, Plaintiffs filed their Fourth Amended Complaint. (Doc. 40).

In Count I, Plaintiffs claim that they were discriminated against by Defendant based on their race and national origin in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"). Specifically, Plaintiffs allege that Defendant treated them differently than its Asian/Korean employees by (1) awarding Plaintiffs more points for the same violations under its

attendance policy, which caused Plaintiffs to be more frequently disciplined, (2) calculating Plaintiffs' actual hours worked in a way that resulted in lesser wages, and (3) awarding Plaintiffs leave eligibility after a longer period of employment. (Doc. 40, ¶¶ 21-29).

In Count II, Ross asserts an additional discrimination claim under Title VII, claiming that she was discriminated against based on her race and national origin because she was required to perform her supervisor's duties without additional pay and her Asian/Korean co-workers were not. (Doc. 40, ¶¶ 30-41). In Count III, Pearson claims that she was subjected to a racially hostile work environment in violation of Title VII because she was required to serve tea to Korean executives on "at least one occasion." (Doc. 40, ¶¶ 42-54). In Count IV, Russell claims she was retaliated against and ultimately terminated by Defendant in violation of Title VII because she filed an EEOC Charge. In Count V, Ross claims that she was subjected to sexual harassment by supervisor Sean Rhee in retaliation for filing an EEOC Charge. And finally, in Count VI, Ross alleges a state law outrage claim against Rhee (and possibly Sejin America, Inc.), claiming that she suffered extreme emotional distress from his sexual harassment.

Defendant again moves to dismiss Plaintiffs' Complaint for failure to state a claim under Rule 12(b)(6). (Doc. 42). Plaintiffs filed their response in opposition to

Defendant's motion (Doc. 47) and, for the first time, move to add Sean Rhee as a party-defendant in this case. (Doc. 46).

## STANDARD

For purposes of a motion to dismiss, the Court assumes the factual allegations are true and construes them in the light most favorable to Plaintiffs. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Duke v. Cleland*, 5 F.3d 1399, 1402 (11th Cir. 1993). To survive a motion to dismiss based on a challenge to the sufficiency of the pleadings, Plaintiffs need not plead their claims with "detailed factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, Plaintiffs need only plead sufficient factual matter, accepted as true, that would allow the court "to draw the reasonable inference that [D]efendant is liable for the misconduct alleged." *Id.*

## DISCUSSION

### I.     Motion to Dismiss Complaint

Defendant argues that Counts IV and V of the Complaint should be dismissed with prejudice because they are untimely. Defendant further argues that Counts I, II, III, and VI should be dismissed with prejudice because (1) Plaintiffs' Fourth Amended Complaint is an impermissible shotgun pleading, (2) Plaintiffs failed to plausibly state a claim for relief under Fed. R. Civ. P. 8(a), and/or (3) Plaintiffs failed to exhaust their administrative remedies. Plaintiffs argue that the Fourth Amended Complaint satisfies Rule 8(a) because it provides enough factual specificity to give

Defendant adequate notice of their claims and that Plaintiffs exhausted their administrative remedies because the allegations contained in the Complaint are "like or related to" the allegations in their EEOC Charges.

   A. Timeliness of Counts IV and V

   Under 42 U.S.C. § 2000e-5(f)(1), a plaintiff is required to file a civil action under Title VII within 90 days of receipt of her Notice of Right to Sue letter from the EEOC. *Gant v. Jefferson Energy Co-op*, 348 F. App'x 433, 434 (11th Cir. 2009). Plaintiffs Ross and Russell concede that their retaliation and sexual harassment claims under Title VII (Counts IV and V) were filed more than 90 days after receipt of their Notice of Right to Sue letters and that they cannot present any facts to support equitable tolling of the 90-day deadline to file suit. (Doc. 47 at 5); *see Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984) ("One who fails to act diligently cannot invoke equitable principles to excuse the lack of diligence."); *Gant*, 348 F. App'x at 434 ("[T]raditional equitable principles require a claimant to justify [her] untimely filing by a showing of extraordinary circumstances."). For these reasons, Counts IV and V of the Complaint are due to be dismissed with prejudice. *See Green v. Union Foundry Co.*, 281 F.3d 1229, 1233-34 (11th Cir. 2002) (recognizing that plaintiff has the burden of showing that he met the 90-day filing requirement once defendant contests the issue).

   B. Sufficiency of Plaintiffs' Complaint under Rules 8 and 12

Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Each allegation must be "simple, concise, and direct."  Fed. R. Civ. P. 8(d)(1). Rule 10(b) further provides that a plaintiff must state her claims in numbered paragraphs, and "i[f] doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count."

When a complaint violates Rule 8(a)(2) or 10(b), it is "often disparagingly referred to as [a] shotgun pleading[]." *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015). "Shotgun pleadings" have been uniformly rejected by the Eleventh Circuit because they "fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323. The most common type of shotgun pleading is "a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Id.* at 1321. Another common type of shotgun pleading is one that does not "separat[e] into a different count each cause of action or claim for relief." *Id.* at 1323. Plaintiffs' Fourth Amended Complaint is a shotgun pleading for both of those reasons and is due to be dismissed with prejudice, except as to Count I.

The Complaint alleges six counts against Defendant. Count I is brought by all four Plaintiffs collectively, and the other counts are asserted by Plaintiffs individually. At least one count (Count V) appears to assert multiple claims within the same count, and another count (Count VI) appears to assert a claim against multiple defendants within the same count, though the Court cannot be certain. Needless to say, clarity in a Complaint of this nature is critical. Yet, despite Plaintiffs' many opportunities to provide that clarity to both Defendant and the Court, Plaintiffs have again failed to do so.

Further, as Defendant points out, Counts II, III, IV, and VI of the Complaint "adopt[] and reallege[] all of the above and foregoing paragraphs as if set forth herein."[2] This means, for example, that Ross's outrage claim (Count VI) incorporates and relies on the allegations of the entire complaint, including the factual allegations and legal conclusions related to other plaintiffs' individual and unrelated claims, such as Pearson's hostile work environment claim in Count III. This very practice—where a complaint "contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation

---

[2] Defendant also points out that Count I of Plaintiffs' Complaint "adopt[s] and reallege[s] each and every allegation contained in this complaint as if set out anew herein." (Doc. 40, ¶ 21). But the Court construes this paragraph to adopt and reallege the paragraphs before it, *i.e.* paragraphs 1-20, which set out the facts related to the conduct forming the basis of their race and national origin claims in Count I. Thus, Count I, unlike the other counts, does not contain irrelevant factual allegations and legal conclusions contained in other counts.

where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions"—has been expressly condemned by the Eleventh Circuit. *Strategic Income Fund, LLC v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295-96 (11th Cir. 2002). Indeed, this Court previously admonished Plaintiffs that they "should not simply incorporate all factual allegations by reference into every count" and instructed them that they "must indicate with clarity which specific factual allegations are material to each specific count." (Doc. 25 at 8).

But even if Plaintiffs' Fourth Amended Complaint did not constitute an impermissible shotgun pleading, Counts II, III, and VI are still due to be dismissed because Plaintiffs have not pleaded sufficient facts to state a plausible claim for relief.

First, in Count II, Ross claims that she was discriminated against in violation of Title VII because she was "required to provide instructional training" to her Asian/Korean supervisor and was "required to perform her supervisors' job duties, without any additional pay," though "Korean employees of Asian descent [were] not required to perform their supervisor's job duties without additional pay." (Doc. 40, ¶ 33, 36). Ross's general, conclusory allegations referencing "Korean employees of Asian descent" as her comparators do not plausibly allege a claim for intentional race and/or national origin discrimination. *See, e.g.*, *Henley v. Turner Broadcasting Sys., Inc.*, 267 F. Supp. 3d 1341, 1353 (N.D. Ga. 2017) (granting motion to dismiss

race discrimination claim where plaintiff's "only reference to a comparator [was] her general allegation that 'other Caucasian executive assistants[] in the same department' worked fewer hours"). For example, Ross fails to identify any specific comparator and does not allege that these other "Korean employees of Asian descent" had a similar job position, worked in the same department or performed similar work, or even worked for the same supervisor—in fact, her allegations suggest that they worked for other supervisors. Because Ross fails to allege the existence of a valid comparator or allege other facts giving rise to an inference of discrimination, Count II is due to be dismissed.

Next, in Count III, Pearson asserts a racially hostile work environment claim against Defendant. To plead a hostile work environment claim, a plaintiff must allege (1) that she belongs to a protected class, (2) that she has been subjected to unwelcomed harassment, (3) that the harassment was based on a protected characteristic of the employee, (4) that the harassment was sufficiently severe or pervasive to alter the terms and conditions of her employment, and (5) that the employer is liable for the harassment. *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1300 (11th Cir. 2010); *Foster v. Auburn Univ. Montgomery*, No. 2:11-cv-6140965, 2011 WL 6140965, at *3 (M.D. Ala. Dec. 8, 2011).

Defendant argues that Plaintiff failed to plead that the alleged harassment was

severe or pervasive. The Court agrees. To support her hostile work environment claim, Pearson asserts the following:

> 45. On at least one occasion Plaintiff Pearson, an African-American woman was required to serve tea to Asian company executives from South Korea, which was outside the scope of her regular job duties. Plaintiff avers and believes, based upon the demeanor and conduct of those executives at the time she served them, that the purpose of this unusual assignment was to degrade and humiliate her, and place her in a position of symbolic subservience to Asian males. Plaintiff Pearson avers that the action of Defendant Sejin created a hostile, demeaning and unpleasant work environment in violation of 42 U.S.C. § 2000(e). Plaintiff Pearson was required to prepare the tea and to serve it in a specific manner. When Plaintiff protested, she was informed by Male Korean supervisor(s) that her serving tea was part of the Korean's "culture." No Asian male female [sic] employees were required to serve tea.

(Doc. 40, ¶ 45).

Striking the many conclusory allegations asserted by Pearson, Pearson bases her hostile work environment claim on one incident[3] where she had to serve tea to Asian company executives.[4] Even if this allegation were true, one isolated incident of harassment of this nature is not enough to plausibly state a hostile work environment claim under Title VII. *See Faragher v. City of Boca Raton*, 524 U.S.

---

[3] Pearson states that she had to serve tea to Asian company executives on "at least one occasion" but fails to allege any facts that this incident occurred more than once.

[4] Of course, because Pearson "adopts and realleges all of the above and foregoing paragraphs" in the Complaint, it is impossible to determine whether she alleges that other facts support her hostile work environment claim. This is particularly true given that Pearson adopts and realleges the facts and legal conclusions asserted by a different plaintiff in support of a different claim.

775, 788 (1998) (recognizing that "offhand comments [and] isolated incidents[,] unless extremely serious[,]" are not discriminatory changes to the terms and conditions of employment); *Arafat v. School Bd. of Broward Cnty.*, 549 F. App'x 872, 874 (11th Cir. 2013) (affirming dismissal of hostile work environment claim based on isolated incident of harassment and finding that "[a]t a minimum, [plaintiff's] complaint fail[ed] to satisfy" the severe or pervasive element); *Stubbs v. Compass Bank*, No. 2:18-cv-661, 2018 WL 5084860, at *5 (N.D. Ala. Oct. 18, 2018) (recognizing that allegations of isolated incidents of harassment justify dismissal of hostile work environment claim). For these reasons, Count III is due to be dismissed.[5]

Finally, in Count VI of the Complaint, Ross asserts an outrage claim against Sean Rhee. But as discussed below, Rhee is not a proper party to this action, and thus this claim is due to be dismissed. It is unclear from the Complaint whether Ross also intended to assert an outrage claim against Defendant. But to the extent she did, she fails to state a claim upon which relief can be granted. Ross's only allegations against Defendant are conclusory allegations. For instance, Ross claims that

---

[5] Alternatively, Pearson's hostile work environment claim is due to be dismissed because, as Defendant points out, Pearson did not raise these issues or even mention harassment or a hostile work environment in her EOOC Charge. Thus, Pearson failed to exhaust her administrative remedies with respect to this claim. *See* Doc. 10-1; *Burkes v. Hubbell Steel Corp.*, No. 2:06-cv-1959, 2007 WL 9717341, at *4 (N.D. Ala. Jan. 18, 2007) (dismissing hostile work environment claim where allegations were unrelated to discrimination claim alleged in EEOC Charge).

Defendant "adopted, confirmed, and/or ratified all of the actions and omissions of it's [sic] agents, servants and employee as it's [sic] own" and that Defendant "has ratified the said acts of Defendant Sean Rhee." (Doc. 40, ¶ 90 and 94). Ross does not allege how Defendant ratified Rhee's alleged actions or even that Defendant was aware of such actions. For these reasons, Count VI of the Complaint is due to be dismissed with prejudice.

Given Plaintiffs' repeated failures to satisfy the pleading requirements under Rule 8, the Court finds that Plaintiffs' claims in the Fourth Amended Complaint, except Count I, are due to be dismissed with prejudice.

C. Failure to Exhaust Administrative Remedies

Defendant also argues that certain allegations in Count I should be dismissed with prejudice because Plaintiffs failed to exhaust their administrative remedies. Specifically, Defendant argues that Plaintiffs' discrimination claims in Count I related to Defendant's application of leave policies and calculation of employees' timecards are due to be dismissed because the claims were "not included in their EEOC Charges, nor [are they] like or related to the allegations contained in the Charges." (Doc. 42 at 19). Defendant's argument is unavailing.

A plaintiff is required to exhaust her administrative remedies before filing a judicial complaint asserting discrimination or retaliation claims under Title VII. *Wilkerson v. Grinnell Corp.*, 270 F.3d 1314, 1317 (11th Cir. 2001). First, a plaintiff

must timely file an EEOC charge within 180 days of the last act of discrimination. *Id.* And second, a plaintiff must file a civil action within 90 days of receipt of her Notice of Right to Sue letter. *Gant v. Jefferson Energy Co-op*, 348 F. App'x 433, 434 (11th Cir. 2009); 42 U.S.C. § 2000e-5(f)(1). If a plaintiff files a civil action, the plaintiff's judicial complaint is "limited by the scope of the EEOC investigation [that] can reasonably be expected to grow out of the charge of discrimination." *Gregory v. Ga. Dep't of Human Res.*, 355 F.3d 1277, 1280 (11th Cir. 2004). Thus, to determine whether a plaintiff has failed to exhaust her administrative remedies, the proper inquiry is "whether the plaintiff's judicial complaint was like or related to, or grew out of, the administrative allegations." *Basel v. Sec'y of Defense*, 507 F. App'x 873, 875-76 (11th Cir. 2013).

In determining whether a plaintiff has failed to exhaust her administrative remedies, courts should construe the EEOC Charge broadly because courts are "extremely reluctant to allow procedural technicalities to bar claims brought under [Title VII]." *Penaloza v. Target Corp.*, 549 F. App'x 844, 848 (11th Cir. 2013). Though "allegations of new acts of discrimination are inappropriate," claims that "amplify, clarify, or more clearly focus" the allegations in the EEOC Charges are permitted. *Penaloza*, 549 F. App'x at 848.

Here, Plaintiffs complain in their EEOC Charges that "Korean and Asian American employees were given benefits that were not offered to the Black and

American employees." *See* Doc. 10-1. An investigation into the benefits not received by Plaintiffs and the reasons why they were not received is plainly expected to "grow out" of this allegation. And the leave-related allegations in Plaintiffs' complaint only "amplify, clarify, or more clearly focus" these allegations in Plaintiffs' EEOC Charges. For instance, Plaintiffs allege in the complaint that Asian/Korean employees were awarded vacation and leave time sooner than Plaintiffs and other non-Asian employees, *i.e.*, a benefit received by Korean/Asian employees that was not received by Plaintiffs. For this reason, the Court finds that Plaintiffs exhausted their administrative remedies with respect to these allegations.

Plaintiffs also allege in their EEOC Charges that "Black and American employees . . . are paid lessor [sic] wages" than Korean and Asian American employees. In their Complaint, Plaintiffs explain in more detail the basis for this allegation: that the number of hours worked on their timecards was rounded in a different manner than the timecards of the Asian/Korean employees, resulting in Plaintiffs receiving lesser wages. Because these allegations reasonably relate to, or "grow out of," Plaintiffs' allegations in their EEOC Charges, the Court finds that Plaintiffs exhausted their administrative remedies.

D. Failure to Promote Claim

Finally, Plaintiffs claim in their response that they have sufficiently stated a failure to promote claim against Defendant. But Plaintiffs' complaint is devoid of

any factual allegations supporting a failure to promote claim. Though Plaintiffs attempt to circumvent this fatal flaw by arguing that "only through the normal discovery process can Plaintiffs appropriately develop detailed facts to support their failure to promote claim," even at the pleadings stage, a plaintiff must allege sufficient factual allegations "to raise a right to relief above the speculative level." *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010).

Here, Plaintiffs have not alleged even the most basic factual information—who, what, and when—to support a failure to promote claim. In fact, Plaintiffs only mention promotions twice in the entire complaint: Plaintiffs allege that "the accumulation of employee points is one of the factors used by Defendant Sejin America, Inc. in the awarding of promotions" (Doc. 40, ¶ 15), and Plaintiffs allege that Defendant has a "long-standing policy, practice, custom and usage of limiting the employment and promotional opportunities" of African-American employees. (Doc. 40, ¶ 25). These two passing references are not enough to survive a motion to dismiss. For these reasons, to the extent Plaintiffs assert failure to promote claims against Defendant, those claims are due to be dismissed with prejudice.

## II.    Motion to Amend Complaint to Add Sean Rhee as Party-Defendant

Under Rule 15(a), leave to amend the pleadings should be granted freely when justice so requires. "In deciding whether to grant leave to amend[,] [a] district court must take into account several [considerations,] such as 'undue delay, bad faith or

dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and the] futility of the amendment.'" *Bamm, Inc. v. GAF Corp.*, 651 F.2d 389, 391 (5th Cir. 1981) (Unit  B) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see Brown-Marx Assocs. Ltd. v. Emigrant Savings Bank*, 703 F.2d 1361, 1371 (11th Cir.1983). "[A] motion to amend may be denied on numerous grounds such as undue delay, undue prejudice to the defendants, and futility of the amendment." *Brewer–Giorgio v. Producers Video, Inc.*, 216 F.3d 1281, 1284 (11th Cir. 2000), *abrogated on other grounds by Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154 (2010).

Here, Plaintiffs' motion to amend the Complaint to add Sean Rhee as a party-defendant should be denied for at least two independent reasons. First, the Court finds that Plaintiffs' amendment—filed more than one year after this action was originally filed—is the result of undue delay and dilatory motive on the part of Plaintiffs. Plaintiffs have had ample opportunity to amend the complaint to add Rhee as a party to this action—four, to be exact—but Plaintiffs have offered no explanation for their delay in waiting until now to do so.

Second, the Court finds that any such amendment would be futile. A proposed amendment is futile "when the complaint would still be properly dismissed." *Coventry First, LLC v. McCarty*, 605 F.3d 865, 870 (11th Cir. 2010). As discussed

above, the Fourth Amended Complaint constitutes an impermissible shotgun pleading and is due to be dismissed with prejudice. Thus, allowing Plaintiffs to amend the complaint *a fifth time* would be futile. For these reasons, Plaintiffs' motion to amend is due to be denied.

## CONCLUSION

Based on the foregoing reasons, the Court orders as follows:

1. Defendant's Motion to Dismiss Plaintiffs' Fourth Amended Complaint (Doc. 42) is **GRANTED IN PART** and **DENIED IN PART.**

2. Count I brought by all Plaintiffs against Defendant Sejin America, Inc. states a claim upon which relief can be granted.

3. Count II brought by Plaintiff Ross against Defendant Sejin America, Inc. is **DISMISSED with prejudice** because it fails to state a claim upon which relief can be granted and because the Fourth Amended Complaint, except as to Count I, is an impermissible shotgun pleading.

4. Count III brought by Plaintiff Pearson against Defendant Sejin America, Inc. is **DISMISSED with prejudice** because (1) it fails to state a claim upon which relief can be granted, (2) Pearson failed to exhaust her administrative remedies, and (3) the Fourth Amended Complaint, except as to Count I, is an impermissible shotgun pleading.

5. Count IV brought by Plaintiff Russell against Defendant Sejin America, Inc. is **DISMISSED with prejudice** because it is untimely and because the Fourth Amended Complaint, except as to Count I, is an impermissible shotgun pleading.

6. Count V brought by Plaintiff Ross against Defendant Sejin America, Inc. is **DISMISSED with prejudice** because it is untimely and because the Fourth Amended Complaint, except as to Count I, is an impermissible shotgun pleading.

7. Count VI brought by Plaintiff Ross against Sean Rhee and Defendant Sejin America, Inc. is **DISMISSED with prejudice** because (1) Rhee is not a party to this action, (2) Ross fails to state a claim upon which relief can be granted as to Sejin America, Inc., and (3) the Fourth Amended Complaint, except as to Count I, is an impermissible shotgun pleading.

8. Plaintiffs' Motion for Leave to Add Party-Defendant (Doc. 46) is **DENIED.**

9. This action will proceed on the basis of the allegations in Count I of the Fourth Amended Complaint.

**DONE** and **ORDERED** this 2nd day of March 2020.

_____ /s/ Andrew L. Brasher _____
ANDREW L. BRASHER
UNITED STATES DISTRICT JUDGE