IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| JESSICA ROSS, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case. No: 3:18-cv-537-RAH-JTA |
| | ) | |
| SEJIN AMERICA, INC., | ) | |
| | ) | |
| Defendant. | ) | |

-----------------------------------------------

| | | |
|---|---|---|
| JESSICA ROSS, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case. No: 3:18-cv-734-RAH-JTA |
| | ) | |
| SEJIN AMERICA, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## **ORDER**

This consolidated case is before the Court on a Report and Recommendation of the Magistrate Judge entered on March 3, 2022. (Doc. 201.) The Magistrate Judge recommended that the Defendants' Motions for Summary Judgment against *pro se* Plaintiffs Jessica Ross, LaEbboine Russell, Naquita Bledsoe, and Latoya Pearson (Docs. 100, 102, 96, 98) be granted and the case closed.

Two plaintiffs have filed objections to the Report and Recommendation, two have not. Naquita Bledsoe and Latoya Pearson have elected not to object to the Magistrate

1

Judge's Recommendation. Accordingly, there being no objections filed to the Recommendation as it relates to Bledsoe and Pearson's claims, and after an independent review of the file, the Recommendation is adopted and affirmed as to Plaintiffs Naquita Bledsoe and LaToya Pearson.

The Court now turns to the remaining Plaintiffs—LaEbboine Russell and Jessica Ross—who have lodged objections to the Recommendation. Two objections have been filed; the first was timely filed by Russell only, and the second was untimely filed by both Russell and Ross.

The Court has conducted an independent and *de novo* review of the portions of the Recommendation to which objection is made. *See* 28 U.S.C § 636(b). Upon this Court's review and consideration of the arguments set forth in the Objections, the Court agrees with the Magistrate Judge's findings and analysis.

## STANDARD

When a party objects to a magistrate judge's report and recommendation, the district court must review the disputed portions *de novo*. 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify the recommended disposition; receive further evidence; or resubmit the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). *De novo* review requires that the district court independently consider factual issues based on the record. *Jeffrey S. ex rel. Ernest S. v. State Bd. of Educ.*, 896 F.2d 507, 513 (11th Cir. 1990). If the party does not object to specific factual findings, the court reviews them only for clear error. *Garvey v. Vaughn*, 993 F.2d 776, 779 n.9 (11th Cir. 1993).

## DISCUSSION

The Court has carefully reviewed the record in this case, the Recommendation of the Magistrate Judge, and Russell's objections. This is an employment discrimination case under Title VII. At summary judgment, Plaintiff Russell had only one remaining claim: that Sejin violated Title VII and 42 U.S.C. § 1981 through its disparate treatment by treating the African American Plaintiffs differently from its Asian/Korean employees by (1) awarding Plaintiff more points for the same violations under its attendance policy, (2) calculating Plaintiff's actual hours worked in a way that resulted in lesser wages, and (3) awarding Plaintiff's leave eligibility after a longer period of employment. (Doc. 51 at 3–4.) Notably, Ms. Russell does not have a viable termination claim at summary judgment.[1]

The Magistrate Judge concluded that summary judgment was due on the Plaintiffs' sole claim for disparate treatment because (1) the Plaintiffs have not shown an adverse action, and (2) even if there was an adverse action, the Plaintiffs have not shown favorable treatment of a comparable employee outside of the Plaintiffs' protected class. (Doc. 201 at 24); *see Lewis v. City of Union City, Georgia*, 918 F.3d 1213, 1220–21 (11th Cir. 2019) (requiring adverse employment actions and evidence that tends to show discrimination to state a disparate treatment claim).

Russell timely objects to the Recommendation on four grounds: (1) Russell was not afforded a reasonable time to ensure Defendant received documents from her medical

---

[1] This Court, upon motion by the Defendants, dismissed many of the claims included in the operative complaint. (*See* Doc. 51.) Among these dismissed claims was Ms. Russell's claim for retaliatory termination under Title VII. (Doc. 40 at 4.) The Court dismissed the termination claim for untimeliness because Ms. Russell failed to sue within 90 days of receiving her right to sue letter from the EEOC. (*Id.* at 6.)

3

provider (Doc. 208 at 4); (2) the Magistrate Judge erred in excluding some of Russell's exhibits (*id*. at 5–6); (3) the FMLA barred Russell's termination (*id*. at 7); and (4) the Magistrate Judge erred in excluding timesheet exhibits (*id.* at 8.)

None of these arguments address the Magistrate Judge's thoughtful adverse action or comparator analysis, nor would the inclusion of the Plaintiff's properly excluded evidence have affected the outcome of the Magistrate Judge's conclusion. Additionally, all of Russell's arguments, and especially her FMLA argument, seem to target a retaliatory termination claim. Indeed, her untimely objection also primarily discusses her alleged wrongful termination. (Doc. 210.) However, as the Magistrate Judge noted, Ms. Russell's termination claim was dismissed by this Court in a prior opinion. (*See* Doc. 51.) To that extent, the objections focusing on Ms. Russell's wrongful termination are largely irrelevant here.

Russell and Ross also filed an untimely objection to the Recommendation. (Doc. 210.) The Court will not consider the plaintiffs' untimely objection.[2] *See Taylor v. Owens*, No. 5:18-CV-1709-LCB-SGC, 2020 WL 1235836, at *1 (N.D. Ala. Mar. 11, 2020) (refusing to consider untimely objections to a Magistrate Judge's recommendation). However, even if this untimely objection was considered, it would not change the outcome of this case given that it reiterates the same themes and arguments as Russell's timely

---

[2] Nonetheless, the Court does write to express sympathy for Ms. Russell's position. Merits of the case aside, Ms. Russell has clearly been devastated—emotionally and financially—by the circumstances surrounding this case. (*See* Doc. 210 ("I lost everything after being discriminated against . . . . my house, my car, my job, my sanity, and many other things . . . I [] became homeless with four kids . . . .")  It is also clear that she has admirably pursued this case to the utmost of her ability.

4

objection. (Doc. 208.) And, as discussed, these arguments do not address the Magistrate's Judge's accurate, and dispositive, adverse action and comparator analyses.

After independently reviewing the record and pending objections, and because the Court agrees with the Magistrate Judge's evidentiary rulings and her adverse action and comparator findings—findings which Ms. Russell does not address—the Report and Recommendation is adopted in whole.

Accordingly, it is ORDERED that:

1. Plaintiff's Objections to the Recommendation (Docs. 208, 210) are OVERRULED.
2. The Recommendation of the Magistrate Judge (Doc. 201) is ADOPTED. Accordingly,
    a. Plaintiffs' Motions in Opposition of Defendant Sejin America Inc.'s Motion for Summary Judgment (Docs. 160, 163, 166, 169) are CONSTRUED as responses in opposition to Sejin's motions for summary judgment.
    b. Defendant's Motion for Summary Judgment against Plaintiff Naquita Bledsoe (Doc. 148) is GRANTED.
    c. Defendant's Motion for Summary Judgment against Plaintiff Latoya Pearson (Doc. 150) is GRANTED.
    d. Defendant's Motion for Summary Judgment against Plaintiff Jessica Ross (Doc. 152) is GRANTED
    e. Defendant's Motion for Summary Judgment against Plaintiff La'Ebbonie Russell (Doc. 154) is GRANTED.

    f. Defendant's Motion to Strike, on in the Alternative, Notice of Objections as to Plaintiff Ross (Doc. 178) is GRANTED.

    g. Defendant's Motion to Strike, on in the Alternative, Notice of Objections as to Plaintiff Russell (Doc. 181) is GRANTED.

3. The Motion to Strike filed by Sejin America, Inc. (Doc. 211) is DENIED as moot.

A Final Judgment will be entered in accordance with this order.

DONE this the 29th day of June 2022.

                                     /s/R. Austin Huffaker, Jr.
                                   R. AUSTIN HUFFAKER, JR.
                                   UNITED STATES DISTRICT JUDGE